FILED

2016 SEP -6 PM 3: 18

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ADELA AGUIRRE,

    Plaintiff,

CASE NO.: 6:16-cv-1567-ORL-PB-GJK

-VS-

SANTANDER CONSUMER USA, INC.,

    Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiff, Adela Aguirre, by and through the undersigned counsel, and sues Defendant, Santander Consumer USA, Inc. (hereinafter "Santander"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

## INTRODUCTION

1.     The TCPA was enacted to prevent companies like Santander from invading American citizen's privacy and prevent abusive "robo-calls."

2.     "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3.     "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to

1

rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of

47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8. The alleged violations described herein occurred in Seminole County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Florida, residing in Seminole County, Florida

10. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

11. Plaintiff is an "alleged debtor."

12. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13. Defendant, Santander, is a corporation with its principal place of business located at 1601 Elm St., Suite 800, Dallas, TX 75201 and which conducts business in the State of Florida through its registered agent, CT Corporation System located at 1200 South Pine Island Rd., Plantation, FL 33324.

14. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

15. Santander is a "creditor" as defined in Florida Statute §559.55(5).

16. Santander called Plaintiff on Plaintiff's cellular telephone approximately four hundred (400) times since January 1, 2014, in an attempt to collect a debt.

17. Santander attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

18. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received from Santander.

19. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (407) ***-7942, and was the called party and recipient of Defendant's calls.

20. Beginning on or about January 1, 2014, Santander began bombarding Plaintiff's cellular telephone (407) ***-7942 in an attempt to collect on an automobile loan.

21. In approximately 2014, Plaintiff was diagnosed with lung cancer and began undergoing medical treatment for same.

22. Due to the expenses of her medical treatment, Plaintiff fell behind on her car payments to Santander who proceeded to begin bombarding Plaintiff's cellular telephone with automated calls attempting to collect on said loan.

23. On many occasions, and as early as 2014, Plaintiff repeatedly explained to agents of Santander that she was sick with cancer, had no money with which to pay them and to please stop calling her cell phone.

24. On many of the occasions throughout the last two (2) years when speaking to agents of Santander and pleading with them for a cessation of calls, the agents of Santander would inform her that the call was being recorded and then continued to try and pressure her into making a payment.

25. On one occasion, upon informing Santander's agent that she was sick, had no money, and to stop calling, Santander's agent responded by saying: "I guess we'll just have to repossess your car then."

26. As recently as July 2016 Plaintiff spoke to an agent of Santander and informed Santander yet again that she wished for the calls to stop, had no money to pay with, and once she had money to pay Santander again she would contact them.

27. All of Plaintiff's pleas for a cessation of calls to her cellular telephone from Santander were in vain as of the filing of this Complaint; Plaintiff is still receiving automated messages to her cellular telephone from Santander.

28. Due to the tremendous volume of automated calls she received Plaintiff was not able to properly catalogue each and every call, however below is a small sampling of the calls she received to her cellular telephone from Santander:

| DATE OF CALL | TIME OF CALL | CALLING NUMBER |
|---|---|---|
| June 5, 2016 | 1:54 PM | 888-222-4227 |
| June 6, 2016 | 11:50 AM | 888-222-4227 |

| | | |
|---|---|---|
| June 6, 2016 | 4:35 PM | 888-222-4227 |
| June 7, 2016 | 9:59 AM | 888-222-4227 |
| June 7, 2016 | 2:34 PM | 888-222-4227 |
| June 7, 2016 | 8:05 PM | 888-222-4227 |
| June 8, 2016 | 9:57 AM | 888-222-4227 |
| June 8, 2016 | 2:42 PM | 888-222-4227 |
| June 9, 2016 | 8:55 AM | 888-222-4227 |
| June 9, 2016 | 2:49 PM | 888-222-4227 |
| June 9, 2016 | 8:35 PM | 888-222-4227 |
| June 10, 2016 | 10:53 AM | 888-222-4227 |
| June 10, 2016 | 2:33 PM | 888-222-4227 |
| June 10, 2016 | 7:37 PM | 888-222-4227 |
| June 11, 2016 | 12:00 PM | 888-222-4227 |
| June 12, 2016 | 10:50 AM | 888-222-4227 |
| June 13, 2016 | 12:20 PM | 888-222-4227 |
| June 13, 2016 | 4:36 PM | 888-222-4227 |
| June 14, 2016 | 12:26 PM | 888-222-4227 |
| June 14, 2016 | 3:25 PM | 888-222-4227 |
| June 15, 2016 | 10:40 AM | 888-222-4227 |
| June 15, 2016 | 4:23 PM | 888-222-4227 |
| June 15, 2016 | 8:38 PM | 888-222-4227 |

| June 17, 2016 | 8:48 AM | 888-222-4227 |
| June 17, 2016 | 2:10 PM | 888-222-4227 |
| June 17, 2016 | 4:53 PM | 888-222-4227 |
| June 18, 2016 | 10:39 AM | 888-222-4227 |
| June 22, 2016 | 10:13 AM | 888-222-4227 |
| June 23, 2016 | 9:44 AM | 888-222-4227 |
| June 24, 2016 | 8:43 AM | 888-222-4227 |
| June 24, 2016 | 1:48 PM | 888-222-4227 |
| June 24, 2016 | 4:47 PM | 888-222-4227 |
| June 28, 2016 | 11:59 AM | 888-222-4227 |
| June 29, 2016 | 12:56 PM | 888-222-4227 |
| June 29, 2016 | 3:45 PM | 888-222-4227 |
| July 2, 2016 | 12:59 PM | 888-222-4227 |
| July 5, 2016 | 4:15 PM | 888-222-4227 |
| July 6, 2016 | 5:16 PM | 888-222-4227 |
| July 7, 2016 | 12:32 PM | 888-222-4227 |
| July 7, 2016 | 3:56 PM | 888-222-4227 |
| July 7, 2016 | 6:25 PM | 888-222-4227 |
| July 8, 2016 | 1:56 PM | 888-222-4227 |
| July 8, 2016 | 7:41 PM | 888-222-4227 |
| July 9, 2016 | 12:50 PM | 888-222-4227 |

| July 10, 2016 | 1:11 PM | 888-222-4227 |
| July 10, 2016 | 2:49 PM | 888-222-4227 |

29. Santander has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

30. Santander has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or Santander, to remove the number.

31. Santander's corporate policy is structured so as to continue to call individuals like Plaintiff; despite these individuals explaining to Santander they wish for the calls to stop.

32. Santander has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

33. Santander has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

34. Santander has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

35. Santander's corporate policy provided no means for Plaintiff to have her number removed from Defendant's call list.

36. Santander has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

37. Not a single call placed by Santander to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

38. Santander willfully and/or knowingly violated the TCPA with respect to Plaintiff.

39. From each and every call placed without consent by Santander to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

40. From each and every call without express consent placed by Santander to Plaintiff's cell phone, Plaintiff suffered the injury of occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Santander's calls.

41. From each and every call placed without express consent by Santander to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

42. Each and every call placed without express consent by Santander to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to Plaintiff.

For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

43. Each and every call placed without express consent by Santander to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

44. Each and every call placed without express consent by Santander to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

45. Each and every call placed without express consent by Santander to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

46. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, nervousness, distress and aggravation. The constant harassing automated calls caused Plaintiff to begin shaking and sweating. Aside from Plaintiff having lung cancer and undergoing chemo therapy and radiation while being harassed by Santander, Plaintiff also suffers from diabetes and high blood pressure. The added stress and aggravation from Santander's constant calls caused Plaintiff's blood pressure to rise even higher.

## COUNT I
### (Violation of the TCPA)

47. Plaintiff fully incorporates and realleges paragraphs one (1) through forty-six (46) as if fully set forth herein.

48. Santander willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Santander that she wished for the calls to stop.

49. Santander repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Santander for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

50. Plaintiff fully incorporates and realleges paragraphs one (1) through forty-six (46) as if fully set forth herein

51. At all times relevant to this action Santander is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

52. Santander has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

53. Santander has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

54. Santander's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Santander for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/*

Octavio "Tav" Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
TGomez@ForThePeople.com
Florida Bar #: 0338620
Attorney for Plaintiff